NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
KEVIN B. FINN (Cal. Bar No. 128072)
Assistant United States Attorney
DANIEL A. BECK (Cal. Bar No. 204496)
AARON C.G. CARPENTER (Cal. Bar No. 273446)
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2574
    Facsimile: (213) 894-7819
    E-mail: kevin.finn@usdoj.gov
          daniel.beck@usdoj.gov
          aaron.carpenter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff[s],<br><br>v.<br><br>POLARIS INDUSTRIES, INC., POLARIS SALES, INC., ERNEST YANEZ, JR., and Does 1 to 10,<br><br>Defendants. | No. CV 19-<br><br>COMPLAINT (1) NEGLIGENCE; (2) VIOLATION OF CALIFORNIA HEALTH AND SAFETY CODE §§ 13007-13009.1; (3) CAL. PUBLIC RESOURCES CODE §§ 4435 AND 4421, AND 36 C.F.R. § 261.5; (4) TRESPASS BY FIRE; (5) STRICT PRODUCTS LIABILITY (6) BREACH OF EXPRESS WARRANTY AND (7) INTEREST AND PENALTIES<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, United States of America, alleges as follows:

## PARTIES

1. Plaintiff United States of America ("United States") is the federal government, and brings this action on behalf of the United States Department of Agriculture, Forest Service ("Forest Service"), an agency and instrumentality of the United States. Plaintiff United States, as sovereign, owns National Forest System lands in San Bernardino County that are under the supervision, control, administration, and protection of the Forest Service.

2. On information and belief, Defendant Polaris Industries, Inc. is a corporation, incorporated in Delaware and headquartered in Minnesota, and doing business in California and in the Central District of California. On information and belief, Defendant Polaris Sales, Inc. is a subsidiary corporation of Polaris Industries, Inc., headquartered in Minnesota, and doing business in California and in the Central District of California.

3. On information and belief, Defendant Ernest Yanez, Jr. is an individual residing within the Central District of California. Doe defendants 1 to 10 are individuals and entities whose identity is currently not known who are responsible for the damages caused to plaintiff as alleged herein.

## JURISDICTION AND VENUE

4. This action arises under Federal and California law, including Federal and California common law, California Health and Safety Code §§ 13007-13009.1, California Pub. Res. Code §§ 4293, 4421 and 4435, California Civil Code §§ 1714(a) and 3287, Title 36 Code of Federal Regulations 261.5 and 261.10, and 31 U.S.C. §§ 3711 and 3717, for damages the United States incurred in connection with the "Pilot Fire", which ignited on National Forest Systems lands in San Bernardino County, California.

5. The jurisdiction of this court is invoked under 28 U.S.C. § 1345 in that the plaintiff herein is the United States of America.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to Plaintiff's claims occurred in the Central District of California, Defendants Polaris Industries, Inc. and Polaris Sales, Inc. are doing business within, and have sufficient contacts with, the Central District of California, and Defendant Yanez resides within the Central District of California.

**GENERAL ALLEGATIONS**

7. The Pilot Fire ignited on or about August 7, 2016. On information and belief, the Pilot Fire ignited on National Forest Systems lands within the San Bernardino National Forest in San Bernardino County, California.

8. Forest Service Investigators determined that the Pilot Fire ignited when Defendant Ernest Yanez, Jr.'s 2015 Polaris RZR 1000 off-highway vehicle malfunctioned and caught on fire, while on a National Forest System trail, and the fire spread to and ignited the adjacent dry vegetation. On information and belief, Ernest Yanez, Jr. purchased the subject RZR 1000 from Defendant Polaris Industries, Inc. and/or Polaris Sales, Inc. The resulting wildland fire burned, damaged and destroyed approximately 8,110 acres of the San Bernardino National Forest.

9. Defendants Polaris Industries Inc. and Polaris Sales, Inc. designed, manufactured, marketed and sold the subject RZR 1000. Defendants off-highway vehicles had a history of malfunctioning and starting fires and/or over-heating. The subject RZR 1000, and other similar off-highway vehicles that Defendants manufactured were the subject of various recalls and other notices based on their history of, and potential to, ignite. Defendants knew that the RZR 1000 was defectively designed and posed a serious risk of causing a fire.

10. The subject RZR 1000 which ignited the Pilot Fire was an engine, machine or device which may kindle a fire within the meaning of California Public Resources Code § 4435.

11. Pursuant to California Public Resources Code § 4435, Defendants' ignition of the Pilot Fire is prima facie evidence of their respective negligence in the

1  maintenance, operation and use of the subject device.

2  12.  The ignition of the Pilot Fire was an incident of a kind that ordinarily does not occur in the absence of someone's negligence; it was caused by equipment and activity within the exclusive control of Defendants and it was not due to any act on the part of Plaintiff.  Therefore, *res ipsa loquitur* applies to this case.

13.  The Forest Service suppressed the Pilot Fire at substantial cost to the United States.  The Pilot Fire burned approximately 8,110 acres of National Forest System lands on the San Bernardino National Forest in San Bernardino County.

14.  As a result of its efforts to extinguish the Pilot Fire, the Forest Service sustained suppression costs and rehabilitation costs in excess of $11,645,000.

15.  The damages to the United States include, but are not limited to: mitigation, rehabilitation and reforestation of burned areas; loss of and damage to timber, habitat, wildlife, watershed and earth protection; scenic and aesthetic values, and views; environmental damages, loss of use and recreation; soil damage and erosion.

16.  The Forest Service has made demand on Defendant Polaris Industries, Inc., and through it, Defendant Polaris Sales, Inc., for payment of the costs and damages incurred by the United States to suppress the Pilot Fire and undertake emergency rehabilitation efforts.  Defendants have not paid any part of the sum demanded by the United States.

17.  Causing timber, trees, brush, or grass to burn except as authorized by permit is prohibited by law, including 36 C.F.R. § 261.5(c) and California Public Resources Code § 4421.  Ignition of the Pilot Fire was not authorized by permit or by the United States. Carelessly or negligently causing a fire that is not a prescribed fire that damages the National Forest System is prohibited by 36 C.F.R. §§ 261.5.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(Negligence – Against All Defendants)**

18.  Plaintiff realleges paragraphs 1 through 16, inclusive, as though fully and

4

1 completely set forth herein.

2  19. At all times relevant to this action, Defendants Polaris Industries, Inc. and Polaris Sales, Inc. had a duty to safely design and manufacture the subject RZR 1000, and once they became aware of the fire danger the RZR 1000 posed, to assure that the subject RZR 1000 was repaired or removed from use. Defendant Ernest Yanez, Jr. had a duty to properly maintain, repair and modify the subject Polaris RZR 1000 vehicle. All defendants had a duty to avoid igniting a wildland fire and damaging Forest Service property in accordance with California Public Resources Code §§ 4421 and 4422, California Health & Safety Code § 13001, and 36 C.F.R. § 261.5.

20. Defendants Polaris Industries, Inc. and Polaris Sales, Inc. failed to properly design and manufacture the subject vehicle and failed to adequately repair or remove the subject vehicle from use after becoming aware of the significant fire danger it posed.

21. On information and belief, Defendant Ernest Yanez, Jr. breached his duty of care to properly maintain, repair and modify the subject Polaris RZR 1000. All defendants were negligent in causing the Pilot Fire, including, but not limited to, their failure to prevent damage to the land and property of the United States, and to take reasonable precautions to prevent and suppress fires.

22. Defendants' negligent acts, omissions, and violations of law caused the Pilot Fire to ignite and proximately caused the damages the United States sustained.

23. *Res ipsa loquitur* applies to this case and establishes Defendants' negligence.

24. Defendants are responsible for all costs and damages caused by their own negligence, including those under common law, and California Civil Code § 1714.

25. Defendants' negligence, through its agents and employees, was the proximate cause of the Pilot Fire.

26. As a result of Defendants' negligence, the United States incurred damages in an amount to be established at trial. Defendants are liable for such damages.

## SECOND CLAIM FOR RELIEF

**(Cal. Public Resources Code § 4435 – Against All Defendants)**

27. Plaintiff realleges paragraphs 1 through 24, inclusive, as though fully and completely set forth herein.

28. Pursuant to California Public Resources Code § 4435, the origination of the Pilot Fire from the engine of the subject Polaris RZR 1000 is prima facie evidence of Defendants' respective negligence in the maintenance, operation or use of the subject Polaris RZR 1000. Defendants' negligence was the proximate cause of the damages the United States sustained as a result of the Pilot Fire.

29. As a result of Defendants' negligence, the United States incurred damages in an amount to be established at trial. Defendants are liable for such damages.

## THIRD CLAIM FOR RELIEF

**(Cal. Health & Safety Code §§ 13001, 13007-13009.1,**
**and California Civil Code § 3287 – Against All Defendants)**

30. Plaintiff realleges paragraphs 1 through 27, inclusive, as though fully and completely set forth herein.

31. On or about August 7, 2016, Defendants, individually and collectively, negligently and/or in violation of law, ignited the Pilot Fire, thereby setting fire to or allowing fire to be set to National Forest System lands within the San Bernardino National Forest.

32. The Pilot Fire destroyed property of the United States, and caused the United States to incur fire suppression costs, rehabilitation costs, resource damages, and other damages, including damages to the environment, to be established at trial. Defendants are liable for all damages to the United States resulting from the Pilot Fire, including without limitation, its fire suppression costs, damages for injury to federal property, and the United States' administrative, investigative, accounting, and collection costs, under California Health & Safety Code §§ 13001, 13007-13009.1, and California Civil Code § 3287, in an amount to be established at trial.

## FOURTH CLAIM FOR RELIEF

### (Trespass by Fire – Against All Defendants)

33. Plaintiff realleges paragraphs 1 through 30, inclusive, as though fully and completely set forth herein.

34. On or about August 7, 2016, Defendants, individually and collectively, negligently and/or in violation of law, ignited the Pilot Fire, thereby setting fire to or allowing a fire to be set to National Forest System lands within the San Bernardino National Forest.

35. The Pilot Fire damaged and destroyed property of the United States, including causing damage to approximately 8,110 acres of National Forest System lands on the San Bernardino National Forest in San Bernardino County.

36. As a result of the Pilot Fire's trespass upon the National Forest System lands, the United States has incurred damages in an amount to be established at trial, including but not limited to fire suppression costs, costs to rehabilitate the area, wrongful injury to plaintiff's trees, timber and vegetation damage, the costs for reforestation of the area, environmental damages, damages to the habitats of wildlife in the area. Defendants are also liable to plaintiff for wrongful injury to its timber, trees and underwood pursuant to California Civil Code § 3346. Defendants are liable for such damages.

## FIFTH CLAIM FOR RELIEF

### (Strict Product Liability – Against Defendants Polaris Industries, Inc. and Polaris Sales, Inc.)

37. The United States realleges paragraphs 1 through 38 inclusive, as though fully and completely set forth herein. On information and belief, the United States was harmed by the subject Polaris RZR 1000 while it was being used in an intended or reasonably foreseeable manner, which vehicle was manufactured, distributed and sold by Defendants Polaris Industries, Inc. and Polaris Sales, Inc.

38. On information and belief, the subject Polaris RZR 1000 contained manufacturing defects, was defectively designed, and did not include sufficient

instructions and warnings of potential safety hazards. The subject vehicle did not perform as safely as an ordinary consumer would have expected.

39. On information and belief, Defendants Polaris Industries, Inc. and Polaris Sales, Inc. placed the subject Polaris RZR 1000 on the market for sale, knowing that it was to be used without inspection for defects, and it contained a manufacturing defect and defective design, without sufficient instructions and warnings, when it left Defendants' possession, and that was a substantial factor in causing the Pilot Fire.

40. On information and belief, Defendants were integral in the marketing enterprise.

41. On information and belief, the subject Polaris RZR 1000 had potential risks that were known or knowable at the time of manufacture, distribution and sale, that the potential risks presented a substantial danger when the vehicle was used or misused in an intended or reasonably foreseeable way, that ordinary consumers would not have recognized the potential risks, and that Defendants Polaris Industries, Inc. and Polaris Sales, Inc. failed to adequately warn or instruct of the potential risks. Plaintiff was harmed by the product and, on information and belief, the lack of sufficient warnings and instructions was a substantial factor in causing the Pilot Fire. On information and belief, Defendant Polaris Industries, Inc. and Polaris Sales, Inc. were aware that similar Polaris RZR 1000 vehicles, other Polaris RZR vehicles and other Polaris vehicles with the same or similar engines as the subject vehicle had caused fires prior to the sale of the subject vehicle to Defendant Ernest Yanez, Jr.

42. On information and belief, other Polaris RZR vehicles and Polaris vehicles with the same or similar engines were the subject of safety recalls due to the potential to overheat and to cause fires.

43. Defendants Polaris Industries, Inc. and Polaris Sales, Inc. are liable to the United States for the damages caused by the Rock Fire.

## SIXTH CLAIM FOR RELIEF

## (Breach of Express Warranty – Against

## Defendants Polaris Industries, Inc. and Polaris Sales, Inc.)

44. The United States realleges paragraphs 1 through 44 inclusive, as though fully and completely set forth herein.

45. On information and belief, Defendants Polaris Industries, Inc. and Polaris Sales, Inc. stated, advertised and warranted that the subject Polaris RZR 1000 vehicle was safe for use as an off-highway vehicle and would not cause a fire.

46. The subject vehicle did not perform as stated, and the failure of the subject vehicle was a substantial factor in causing the Pilot Fire and the United States incuring the damages as alleged above.

## SEVENTH CLAIM FOR RELIEF

## (Interest and Penalties)

47. The United States reasserts and realleges, as if fully set forth herein, paragraphs 1 through 34 inclusive, as though fully and completely set forth herein.

48. Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and Title 31, United States Code, § 3717, the United States is entitled to recover its administrative, investigative, accounting and collection costs, as well as interest and late payment charges, in addition to its resource damages and fire suppression costs arising from the Pilot Fire.

The United States has demanded that Defendants Polaris Industries, Inc. and through it, Defendant Polaris Sales, Inc., pay the costs and damages incurred by the United States due to the Pilot Fire. Defendants have not paid any part of the sum plaintiff demanded.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that the Court:

1. For damages in an amount to be determined at trial against Defendants for fire suppression costs, resource damages and other recoverable costs and damages

arising from the Pilot Fire (including, but not limited to, the costs of rehabilitation, restoration and reforestation of the burned areas, wrongful injury to Plaintiff's trees, loss of timber and vegetation, loss of habitat and environmental damages, damage to the soil, and loss of use, scenic views, aesthetic values as proven at trial), investigation costs and administration costs, plus interest and penalties, in an amount to be determined at trial as allowed under the law;

2. For double or triple damages for wrongful injury to Plaintiff's timber, trees and underwood pursuant to California Civil Code § 3346;

3. For damages in an amount to be determined at trial against Defendants for damage to real and personal property and any interest allowable under the law;

4. For damages in an amount to be determined at trial against Defendants for the sum of reasonable administrative costs incurred as a result of the Pilot Fire and any interest allowable under the law;

5. For costs of this action; and

6. For such other and further relief as the Court deems just and proper.

Dated: August 6, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

_____/s/_____
KEVIN B. FINN
Assistant United States Attorney

Attorneys for Defendant
United States of America

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff United States hereby demands a jury trial in this case.

Dated:  August 6, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

_____/s/_____
KEVIN B. FINN
Assistant United States Attorney

Attorneys for Defendant
United States of America