**O**

# United States District Court
# Central District of California

UNITED STATES OF AMERICA,

Plaintiffs,

v.

POLARIS SALES, INC. et al.,

Defendants.

Case № 2:19-cv-06830-ODW (KSx)

**ORDER DENYING DEFENDANTS POLARIS SALES, INC. AND POLARIS INDUSTRIES INC.'S MOTION TO DISMISS [29] AND GRANTING DEFENDANT ERNEST YANEZ, JR.'S MOTION TO DISMISS [31]**

## I.    INTRODUCTION

Before the Court are two motions:  Defendants Polaris Industries Inc. and Polaris Sales Inc.'s (collectively "Polaris") Motion to Dismiss, (Mot. to Dismiss ("Polaris Motion"), ECF No. 29), and Defendant Ernest Yanez, Jr.'s Motion to Dismiss (Mot. to Dismiss ("Yanez Motion"), ECF No. 31).  For the following reasons, the Court **DENIES** Polaris's Motion and **GRANTS** Yanez's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     FACTUAL BACKGROUND

The United States ("Government") owns National Forest System lands in San Bernardino County, California and brings this action against Polaris and individual Defendant Yanez on behalf of the United States Department of Agriculture, Forest Service.  (First Am. Compl. ("FAC"), ¶ 1, ECF No. 28.)  Polaris is a corporation that designed, manufactured, marketed, and sold off-highway vehicles that allegedly posed serious fire risks and had a history of malfunctioning and igniting fires.  (FAC ¶¶ 2, 9.)  Over the years, Polaris issued several recalls of these vehicles, including its RZR model.  (FAC ¶¶ 11–12.)  For instance, in April 2016, Polaris recalled 133,000 2013–2016 RZR 900 and RZR 1000 vehicles, citing a series of fire reports.  (FAC ¶ 12.)

On August 7, 2016, Yanez's 2015 RZR vehicle allegedly malfunctioned and started a fire ("Pilot Fire") that burned approximately 8,110 acres of the San Bernardino National Forest.  (FAC ¶¶ 3, 7–8.)  The Government alleges that Yanez's RZR had an excessive heat defect, which Polaris knew about but did not adequately warn about.  (FAC ¶¶ 25, 28.)  The Government allegedly sustained costs in excess of $11,645,000.00 to suppress the Pilot Fire and rehabilitate the burned areas.  (FAC ¶¶ 32–34.)

The Government asserts four claims against Polaris and Yanez: (1) negligence; (2) violations of California Health & Safety Code sections 13001 and 13007–13009.1, and California Civil Code section 3287; (3) violations of California Public Resources Code section 4421[2] and 36 C.F.R. § 261.5; and (4) trespass by fire.  (FAC ¶¶ 37–60.)  The Government also claims that Polaris is subject to strict product liability.  (FAC ¶¶ 61–68.)

---

[2] The FAC incorrectly identifies the third claim as a violation of California Health and Safety Code section 4421; however, no such code section exist.  The Parties agree that the correct citation is to California Public Resources Code section 4421.  (Decl. of Erin N. Brandt ¶ 5, ECF No. 31.)

### III.      LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive dismissal, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly

denied . . . if amendment would be futile." *Carrico v. City of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.    DISCUSSION

Under Rule 12(b)(6), Polaris moves to dismiss the Government's second and third claims against it, while Yanez moves to dismiss only the third claim against him. (*See* Polaris Mot. 1; Yanez Mot. 3.)  The Court addresses Yanez's Motion first.

### A.    Yanez's Motion to Dismiss

Yanez moves to dismiss the Government's third claim for violations of California Public Resources Code section 4421 and 36 C.F.R. section 261.5.  (Yanez Mot. 3.)  Specifically, Yanez argues that the Government cannot state a cognizable cause of action under either of those authorities, and thus the Court should dismiss the third claim against Yanez without leave to amend.  (Yanez Mot. 6.)

#### a.  Violation of California Public Resources Code Section 4421

Yanez challenges the applicability of California Public Resources Code section 4421 to this case on the grounds that it: (1) does not give rise to a stand-alone claim; (2) relates to prescribed burns only; and (3) requires intentional conduct. (Yanez Mot. 6.)

First, Yanez contends that the Government's basis for liability as to the third claim is negligence per se, which does not give rise to a private right of action for a statutory violation in California.  (Yanez Mot. 7.)  Thus, Yanez argues that the Court should dismiss this claim as duplicative of the first claim for negligence. (Yanez Mot. 7.)  The Government denies that the third claim is duplicative and asserts that bringing it separately helps "make clear that the defendants' alleged violation of [section 4421] . . . is a specific basis for proving the defendants' liability in this action."  (Opp'n to Yanez Mot. ("Yanez Opp'n") 7, ECF No. 35.)  The Government neither disputes Yanez's characterization of its argument as one based on negligence per se nor provides caselaw treating a violation of section 4421 as a stand-alone claim.

When a statute "serves the subsidiary function of providing evidence of an

element of a preexisting common law cause of action," that is distinct from creating a new private right of action. *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 125 (1997). To determine whether a violation of a statute gives rise to a private cause of action, courts consider whether the California Legislature "manifested an intent to create . . . a private cause of action." *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010) (internal quotation marks omitted). "Such legislative intent, if any, is revealed through the language of the statute and its legislative history." *Id.*

If the statute contains "clear, understandable, unmistakable terms," then that strongly indicates the Legislature intended to create a private cause of action. *Id.* at 597 (citing *Moradi–Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 295 (1988)). For instance, "the statute may expressly state that a person has or is liable for a cause of action" for a violation or it "may refer to a remedy or means of enforcing its substantive provisions." *Id.* Absent such language, courts review the statute's legislative history for evidence of the Legislature's intent. *Id.*

Here, there is no caselaw that clearly addresses the issue of whether a private cause of action exists under section 4421. Therefore, the Court will look to the statute's language and legislative history to determine whether the Legislature intended to create a private cause of action.

Section 4421 provides that:

> A person shall not set fire or cause fire to be set to any forest, brush, or other flammable material which is on any land that is not his own, or under his legal control, without the permission of the owner, lessee, or agent of the owner or lessee of the land.

This language does not "clearly, understandably, or unmistakably" create a private cause of action. The statute neither mentions causes of action nor references remedies or a means of enforcement. *See Lu*, 50 Cal. 4th at 596. Since express language creating a private cause of action is absent from section 4421, the Court will now

examine the statute's legislative history.

Section 4421's legislative history is minimal and does not provide an extensive analysis for the Court to consider.  However, section 4421 is cross-referenced in section 4021, which provides that "the willful or negligent commission of any of the acts prohibited or the omission of any of the acts required by . . . Chapter 6 (commencing with Section 4411), inclusive, of Part 2 of this division is a misdemeanor."  Cal. Pub. Res. Code § 4021.  Moreover, the conduct prohibited under section 4421 is also invoked to establish liability under California Health and Safety Code sections 13007 and 13008.  The interplay between all these statutes makes it clear that the conduct identified in section 4421 serves as basis for liability for other statutes but does not clearly establish a private cause of action.  Indeed, the Government's own argument invokes section 4421 as a basis for liability for its other claims.

In situations like this one, where express language is absent from a statue and its history, it is the party who advocates for judicial recognition of a private right of action that "bears a heavy, perhaps insurmountable, burden of persuasion." *Crusader*, 54 Cal. App. 4th at 133.  Here, the Government did not satisfy this burden, and thus the Court need not reach Yanez's other arguments.  The Court **GRANTS** Yanez's Motion to Dismiss the Government's third claim against him for a violation of section 4421.

## b.  Violation of 36 C.F.R. Section 261.5

The Government alleges that Yanez violated subsections 261.5(c), (d), and (e). (*See* Yanez Opp'n 7–10.)  Those subsections prohibit:

(c) Causing timber, trees, slash, brush or grass to burn except as authorized by permit.

(d) Leaving a fire without completely extinguishing it.

(e) Causing and failing to maintain control of a fire that is not a prescribed fire that damages the National Forest System.

36 C.F.R. § 261.5(c)–(e).

As a preliminary matter, Yanez claims that subsections (c), (d), and (e) require intentional conduct.   (Yanez Mot. 7.)   However, 36 C.F.R. section 261.1(c) unequivocally states that "[u]nless an offense set out in this part specifies that intent is required, intent is not an element of any offense under this part."   Intent is not expressly required in section 261.5; thus, Yanez's first argument is unavailing.

Yanez also argues that section 261.5 does not create an independent civil tort claim for relief.   (Yanez Mot. 8.)   Yanez points to the regulation's reference to remedies "as a penalty not to exceed $500 and/or six months in jail."   (Yanez Mot. 8.) The weight of authority supports Yanez's argument.   Courts have rejected attempts to summarily extend violations of a criminal provision into a basis for civil liability.   *See United States v. S. Cal. Edison Co.*, 413 F. Supp. 2d 1101, 1126 (E.D. Cal. 2006) ("Perhaps these regulatory violations support civil liability under a trespass theory, but the United States does not provide any legal authority suggesting as much.").   It is also improper to pursue criminal fines in civil cases.   *See United States v. Sierra Pac. Indus.*, 100 F. Supp. 3d 948, 957 n.5 (E.D. Cal. 2015), *aff'd*, 862 F.3d 1157 (9th Cir. 2017) ("The government did not, and could not, pursue the criminal fine or imprisonment contemplated by § 261.5(c) in this civil case.").

Here, the Government does not provide any caselaw to support the proposition that a section 261.5 violation can constitute a stand-alone civil claim.   In fact, the Government concedes that the section 261.5 claim serves as a basis for its first and second claims.   (Yanez Opp'n 9.)   Consistent with the weight of authority in favor of Yanez's argument, the Court finds that a violation of 36 C.F.R. section 261.5 cannot be brought as a stand-alone claim in this civil action and **GRANTS** Yanez's Motion to Dismiss the Government's third claim based on that federal regulation.

In summary, the Court is persuaded that dismissal of the Government's third claim against Yanez is warranted.   Given the absence of a stand-alone civil claim under California Public Resources Code section 4421 and 36 C.F.R. section 261.5,

amendment would be futile, and so the Court **DISMISSES** the Government's third claim against Yanez **without leave to amend**. *Schreiber*, 806 F.2d at 1401 (noting that leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

**B. Polaris's Motion to Dismiss**

Polaris moves to dismiss the Government's second and third claims as a matter of law. (Polaris Mot. 1.) The Court addresses each claim in turn.

> **a. Second Claim: Violations of California Health and Safety Code Sections 13001, 13007–13009.1, and California Civil Code Section 3287**

Polaris moves to dismiss the Government's second claim on the basis that neither Polaris's employees nor its facilities contributed to the Pilot Fire. (Polaris Mot. 4.) Polaris argues that the Government did not allege that "(1) Polaris's employees or agents were physically present at the scene and negligently contributed to the fire, or (2) Polaris negligently owned, operated, or maintained equipment or facilities that caused the fire." (Polaris Mot. 7.) Polaris contends that, because the Government failed to plead facts that show Polaris proximately caused the Pilot Fire, it cannot recover fire suppression and investigation costs under sections 13009 and 13009.1. (Polaris Mot. 1.)

As a preliminary matter, the Government correctly notes that Polaris's Motion does not address California Health and Safety Code section 13007, which is also part of the Government's second claim. (Opp'n to Polaris Mot. ("Polaris Opp'n") 6, ECF No. 34.) With respect to Polaris's arguments, the Government advocates for incorporation of California's product liability law into sections 13009 and 13009.1. (Polaris Opp'n 7.) The Government reasons that Polaris may not have been at the site when the Pilot Fire ignited, but nonetheless is liable under product liability law because its defective product caused the Pilot Fire. (Polaris Opp'n 7, 8, 12.) The

Parties' differences in interpretation of the scope of sections 13009 and 13009.1 stem from a split in appellate caselaw.

Both Parties acknowledge that there are conflicting California appellate decisions on whether sections 13009 and 13009.1 allow for recovery of fire suppression and investigation costs under common law theories. (Polaris Mot. 5; Polaris Opp'n 11.)  In *Department of Forestry and Fire Protection v. Howell*, the California Court of Appeals for the Third District concluded that sections 13009 and 13009.1 did not incorporate common law theories of negligence and did not permit recovery for fire suppression costs under the theory of vicarious liability.  18 Cal. App. 5th 154, 176 (2017).  More recently, the California Court of Appeals for the Second District permitted recovery under vicarious liability after concluding that sections 13009 and 13009.1 incorporated common law theories of negligence.  *Presbyterian Camp & Conf. Ctrs., Inc. v. Super. Ct.*, 42 Cal. App. 5th 148, 163 (2019).  On January 22, 2020, the California Supreme Court granted review of *Presbyterian* and denied a request for the appellate decision to remain precedential pending review. *Presbyterian Camp & Conf. Ctrs. v. Super. Ct.*, 456 P.3d 415 (Cal. 2020).

Here, Polaris's liability under the Government's second claim hinges on this very issue of whether common law theories are incorporated into sections 13009 and 13009.1.  In situations like this, "[w]here the state supreme court has not spoken on an issue presented to a federal court, the federal court must determine what result the state supreme court would reach based on state appellate court opinions, statutes, and treatises."  *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391 (9th Cir. 1994).

Notably, this Court confronted this predicament in a prior case.  *See United States v. Al-Shawaf*, No. 16-cv-01539-ODW (SPx), 2018 WL 4501108 (C.D. Cal. Sept. 19, 2018).  In that case, decided prior to *Presbyterian*, the Court declined to adopt *Howell*, instead taking a plain meaning approach to sections 13009 and 13009.1. *Al-Shawaf*, 2018 WL 4501108, at *8.  In other words, the Court engaged in the analysis applicable where the "California Supreme Court has not addressed [the]

question," and first looked to the statutes' language. *Id.* When a statute's language is clear and unambiguous, there is no need for judicial construction and "the statute's plain meaning should be followed while giving effect to the specifically defined words that give the words a special meaning." *Id.* (citing *MacIsaac v. Waste Mgmt. Collection & Recycling, Inc.*, 134 Cal. App. 4th 1076, 1082–83 (2005)). The Court concluded that the plain meaning of sections 13009 and 13009.1 allowed for recovery under vicarious liability and common law negligence principles. *Id.* at *9. Although *Presbyterian* is currently pending review, the Court finds no reason to deviate from its previous plain meaning approach to sections 13009 and 13009.1.

Here, the Government's second claim is based on the allegation that Polaris's defective product caused the Pilot Fire. Based on the plain meaning of sections 13009 and 13009.1, the Court finds that the Government has sufficiently pleaded its second claim against Polaris. Accordingly, the Court **DENIES** Polaris's Motion as to the second claim.

### b. Third Claim: Violations of California Public Resources Code Section 4421 and 36 C.F.R. Section 261.5

Polaris moves to dismiss the Government's third claim on the basis that California Public Resources Code section 4421 and 36 C.F.R. section 261.5 prohibit only unauthorized intentional acts. (Polaris Mot. 7.) Polaris also asserts that section 261.5 applies only to conduct that occurs on federal land or adjacent lands; thus, it is inapplicable here because the Government did not allege that Polaris took any action on federal property. (Polaris Mot. 7.)

However, as the Court previously stated, the Government did not satisfy its heavy burden to establish that section 4421 includes a private right of action. Further, the Government failed to show that a section 261.5 violation can constitute a stand-alone civil claim. Although Polaris does not raise these same arguments in its Motion, "[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land*

*Serv., Inc.*, 813 F.3d 986, 991 (9th Cir. 1987).  Accordingly, the Court, on its own motion, **DISMISSES** the Government's third claim against Polaris **without leave to amend** and **DENIES** Polaris's Motion as to this third claim.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Yanez's Motion to Dismiss (ECF No. 31) and **DISMISSES** the Government's third claim as to all Defendants **without leave to amend**.  Further, the Court **DENIES** Polaris's Motion to Dismiss (ECF No. 29).

**IT IS SO ORDERED.**

Dated: July 31, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**