RANDALL L. WINET (State Bar No. 116384)
STEVEN A. TISI (State Bar No. 169006)
WINET PATRICK GAYER CREIGHTON & HANES
701 B STREET, SUITE 1275
SAN DIEGO, CALIFORNIA 92101
Telephone: (619) 702-3902
Email: rwinet@wpgch.com
       stisi@wpgch.com

Attorneys for Defendant Ernie Yanez

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>POLARIS INDUSTRIES, INC., POLARIS SALES, INC., ERNEST YANEZ, JR., and Does 1 to 10,<br><br>Defendant(s) | CASE NO. 2:19-cv-06830-ODW-KS<br>ACTION DATE: 08/06/19<br><br>I/C JUDGE: Hon. Otis D. Wright, II<br><br>**ANSWER TO THE FIRST AMENDED COMPLAINT BY DEFENDANT ERNIE YANEZ AND CROSS-CLAIM AGAINST DEFENDANTS POLARIS INDUSTRIES, INC. AND POLARIS SALES, INC.**<br><br>**DEMAND FOR TRIAL BY JURY** |

Defendant ERNIE YANEZ ("Defendant") hereby answers the allegations in the First Amended Complaint.

## PARTIES

1.  Answering Paragraph 1, Defendant admits that Plaintiff UNITED STATES OF AMERICA ("Plaintiff") is the federal government. Defendant lacks

///

information or belief sufficient to enable him to answer the remaining allegations in Paragraph 1 of the First Amended Complaint, and on that basis denies said allegations.

2. Answering Paragraph 2, Defendant lacks information or belief sufficient to enable him to answer the allegations in Paragraph 2 of the First Amended Complaint, and on that basis denies said allegations.

3. Answering Paragraph 3, Defendant admits that Mr. Yanez resides in Colton, California. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 3 of the First Amended Complaint, and on that basis denies said allegations.

## JURISDICTION AND VENUE

4. Answering Paragraph 4, Defendant denies that he violated federal and California law as alleged. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 4 of the First Amended Complaint, and on that basis denies said allegations

5. Answering Paragraph 5, Defendant lacks information or belief sufficient to enable him to answer the allegations in Paragraph 5 of the First Amended Complaint, and on that basis denies said allegations.

6. Answering Paragraph 6, Defendant admits that Mr. Yanez resides in Colton, California. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 6 of the First Amended Complaint, and on that basis denies said allegations.

## GENERAL ALLEGATIONS

7. Answering Paragraph 7, Defendant admits the allegations in Paragraph 7 of the First Amended Complaint.

///
///
///

8. Answering Paragraph 8, Defendant admits that the Pilot fire ignited when Defendant's recreational off-highway vehicle ("Subject ROV") malfunctioned and caught fire and that Defendant purchased the Subject ROV from Defendants POLARIS INDUSTRIES, INC. and/or POLARIS SALES, INC. ("Polaris"). Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 8 of the First Amended Complaint, and on that basis denies said allegations.

9. Answering Paragraph 9, Defendant admits on information and belief that Polaris designed, manufactured and sold the Subject ROV, and that ROV vehicles designed, manufactured and sold by Polaris was defective or that it had a history of malfunctioning, were defectively designed and were the subject of recalls. However, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant lacks information or belief sufficient to admit or deny the allegations with respect to "other similar off-highway vehicles" and on that basis denies said allegations.

10. Answering Paragraph 10, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. On information and belief, Defendant admits the remaining allegations in Paragraph 10 of the First Amended Complaint.

11. Answering Paragraph 11, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 11 of the First Amended Complaint, and on that basis denies said allegations.

///

///

1          12.     Answering Paragraph 12, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 12 of the First Amended Complaint, and on that basis denies said allegations.

           13.     Answering Paragraph 13, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant admits that Polaris did not adequately identify and warn consumers and others. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 13 of the First Amended Complaint, and on that basis denies said allegations.

           14.     Answering Paragraph 14, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 14 of the First Amended Complaint, and on that basis denies said allegations.

           15.     Answering Paragraph 15, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant admits that Polaris did not adequately identify and warn consumers and others. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 15 of the First Amended Complaint, and on that basis denies said allegations.

///
///

16. Answering Paragraph 16, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant admits that Polaris did not adequately identify and warn consumers and others. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 16 of the First Amended Complaint, and on that basis denies said allegations.

17. Answering Paragraph 17, Defendant lacks information or belief sufficient to enable him to answer the allegations in Paragraph 17 of the First Amended Complaint, and on that basis denies said allegations.

18. Answering Paragraph 18, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 18 of the First Amended Complaint, and on that basis denies said allegations.

19. Answering Paragraph 19, Defendant admits that problems continued with the RZR 1000. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 19 of the First Amended Complaint, and on that basis denies said allegations.

20. Answering Paragraph 20, Defendant lacks information or belief sufficient to enable him to answer the allegations in Paragraph 20 of the First Amended Complaint, and on that basis denies said allegations.

///
///
///
///
///

21. Answering Paragraph 21, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 21 of the First Amended Complaint, and on that basis denies said allegations.

22. Answering Paragraph 22, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 22 of the First Amended Complaint, and on that basis denies said allegations.

23. Answering Paragraph 23, Defendant lacks information or belief sufficient to enable him to answer the allegations in Paragraph 23 of the First Amended Complaint, and on that basis denies said allegations.

24. Answering Paragraph 24, Defendant lacks information or belief sufficient to enable him to answer the allegations in Paragraph 24 of the First Amended Complaint, and on that basis denies said allegations.

25. Answering Paragraph 25, Defendant admits on information and belief that the Subject ROV was defective. However, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV.

///
///
///
///
///

26. Answering Paragraph 26, Defendant admits on information and belief that the Subject ROV was defective, that Defendant did not expect the Subject ROV to present a severe and unsafe fire hazard when used in its intended manner and that the Subject ROV did not provide benefits that outweighed the risks. However, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV.

27. Answering Paragraph 27, Defendant admits on information and belief that the Subject ROV was defective and that the Subject ROV did not provide benefits that outweighed the risks. However, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 27 of the First Amended Complaint, and on that basis denies said allegations.

28. Answering Paragraph 28, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant admits that Polaris did not adequately identify and warn consumers and others. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 28 of the First Amended Complaint, and on that basis denies said allegations.

///
///
///
///
///
///

29. Answering Paragraph 29, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant admits that Polaris did not adequately identify and warn consumers and others. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 29 of the First Amended Complaint, and on that basis denies said allegations.

30. Answering Paragraph 30, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV. Defendant admits that Polaris did not adequately identify and warn consumers and others.

31. Answering Paragraph 31, Defendant denies the allegations in said Paragraph as to Defendant only.

32. Answering Paragraph 32, Defendant admits that the Pilot fire was suppressed and that it damaged portions of the National Forest System, Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 32 of the First Amended Complaint, and on that basis denies said allegations.

33. Answering Paragraph 33, Defendant lacks information or belief sufficient to enable him to answer the allegations in Paragraph 33 of the First Amended Complaint, and on that basis denies said allegations.

34. Answering Paragraph 34, Defendant lacks information or belief sufficient to enable him to answer the allegations in Paragraph 34 of the First Amended Complaint, and on that basis denies said allegations.

35. Answering Paragraph 35, Defendant lacks information or belief sufficient to enable him to answer the allegations in Paragraph 35 of the First Amended Complaint, and on that basis denies said allegations.

36. The information in Paragraph 36 of the First Amended Complaint is a legal conclusion which does not require an admission or denial.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Negligence - Against All Defendants)

37. The information in Paragraph 37 of the First Amended Complaint does not require an admission or denial.

38. Answering Paragraph 38 of the First Amended Complaint, Defendant admits the allegations contained in said paragraph.

39. Answering Paragraph 39 of the First Amended Complaint, Defendant admits he had a duty to maintain the Subject ROV. However, Defendant denies that he had prior knowledge that the Subject ROV was defective or that it had a history of malfunctioning or that he ever received a recall or notice in regards to the Subject ROV.

40. Answering Paragraph 40 of the First Amended Complaint, Defendant admits that Polaris had a duty to avoid igniting a wildland fire and damage Forest Service Property. Defendant denies the remaining allegations in Paragraph 40 of the First Amended Complaint.

41. Answering Paragraph 41 of the First Amended Complaint, Defendant admits the allegations contained in said paragraph.

42. Answering Paragraph 42 of the First Amended Complaint, Defendant denies the allegations contained in said paragraph.

43. Answering paragraph 43 of the First Amended Complaint, Defendant denies the allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 43 of the First Amended Complaint, and on that basis denies said allegations.

///

1    44.    Answering Paragraph 44 of the First Amended Complaint, Defendant denies the allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 44 of the First Amended Complaint, and on that basis denies said allegations.

45.    Answering Paragraph 45 of the First Amended Complaint, Defendant denies the allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 45 of the First Amended Complaint, and on that basis denies said allegations.

46.    Answering Paragraph 46 of the First Amended Complaint, Defendant denies the allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 46 of the First Amended Complaint, and on that basis denies said allegations.

47.    Answering Paragraph 47 of the First Amended Complaint, Defendant denies the allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 47 of the First Amended Complaint, and on that basis denies said allegations.

48.    Answering Paragraph 48 of the First Amended Complaint, Defendant denies the allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 48 of the First Amended Complaint, and on that basis denies said allegations.

///
///
///

## SECOND CLAIM FOR RELIEF

### (Cal. Health & Safety Code §§ 13001, 13007-13009.1, and California Civil Code § 3287 - Against All Defendants)

49. The information in Paragraph 49 of the First Amended Complaint does not require an admission or denial.

50. Answering Paragraph 50 of the First Amended Complaint, Defendant denies the allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 50 of the First Amended Complaint, and on that basis denies said allegations.

51. Answering Paragraph 51, Defendant admits that the Pilot fire destroyed property. Defendant denies the remaining allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 51 of the First Amended Complaint, and on that basis denies said allegations.

## THIRD CLAIM FOR RELIEF

### (Cal. Health & Safety Code § 4421 and 36 C.F.R. § 261.5 - Against All Defendants)

52. to 56. Subject to court rulings that on the Motion to Dismiss that the Third Cause of Action be dismissed, Defendant neither admits nor denies the allegations contained in paragraphs 52 through 56 of the First Amended Complaint.

## FOURTH CLAIM FOR RELIEF

### (Trespass by Fire - Against All Defendants)

57. The information in Paragraph 57 of the First Amended Complaint does not require an admission or denial.

///

///

///

58. Answering Paragraph 51, Defendant admits that the Pilot fire destroyed property. Defendant denies the remaining allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 51 of the First Amended Complaint, and on that basis denies said allegations.

59. Answering Paragraph 59, Defendant admits that the Pilot fire destroyed property. Defendant denies the remaining allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 59 of the First Amended Complaint, and on that basis denies said allegations.

60. Answering Paragraph 51, Defendant admits that the Pilot fire destroyed property. Defendant denies the remaining allegations contained in said paragraph as to Defendant. Defendant lacks information or belief sufficient to enable him to answer the remaining allegations in Paragraph 51 of the First Amended Complaint, and on that basis denies said allegations.

## FIFTH CLAIM FOR RELIEF
### (Strict Product Liability - Against Defendants Polaris Industries, Inc. and Polaris Sales, Inc.)

61. to 68. Defendant neither admits nor denies the allegations in Paragraphs 61 through 8 of the First Amended Complaint as the Fifth Claim for Relief is not stated against Defendant.

## PRAYER FOR RELIEF

1 to 6. Answering Paragraphs 1 through 6, Defendant denies all allegations and demands for relief contained in the First Amended Complaint.

///
///
///
///

## GENERAL DENIAL

Defendant denies both generally and specifically, each and every allegation contained in the First Amended Complaint that are not expressly admitted, and each and every alleged cause of action thereof, and denies that Plaintiff sustained damages as alleged in any sum or sums, or at all, by reason of any alleged act, breach or omission on the part of Defendant.

## AFFIRMATIVE DEFENSES

1. As a First Affirmative Defense, Defendant asserts that each purported cause of action contained in the First Amended Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant. Defendant also asserts that each purported claim not separately identified as a cause of action fails to state facts sufficient to constitute a claim against this answering Defendant.

2. As a Second Affirmative Defense, Defendant asserts that the First Amended Complaint fails by reason of lack of subject-matter jurisdiction.

3. As a Third Affirmative Defense, Defendant asserts that federal Court does not have proper jurisdiction for this claim.

4. As a Fourth Affirmative Defense, Defendant asserts that the fault for the incident, if any, rests with third parties.

5. As a Fifth Affirmative Defense, Defendant asserts that the allegations contained in the First Amended Complaint include wrongdoing, if any, that was unauthorized by Defendant.

6. As a Sixth Affirmative Defense, Defendant asserts that the actions of this answering Defendant was not the legal cause of Plaintiff's injuries or damages.

7. As a Seventh Affirmative Defense, Defendant asserts that the claims asserted by Plaintiff fail and are barred by the applicable statute of limitations.

8. As a Eighth Affirmative Defense, Defendant asserts that Plaintiff has waived any and all claims that Plaintiff may have or have had against Defendant.

9. As a Ninth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred pursuant to *res judicata*.

10. As a Tenth Affirmative Defense, Defendant asserts that the claim of Plaintiff is denied in its entirety, but if damages are obtained by Plaintiff against Defendant, Defendant is entitled to the appropriate deductions and set-offs allowed by law.

11. As an Eleventh Affirmative Defense, Defendant asserts that actions of Defendant were not the legal cause of Plaintiff's injuries and damages.

12. As a Twelfth Affirmative Defense, Defendant asserts that if Defendant is subjected to any liability to the Plaintiff or any other party or Cross-Complainant herein, it will be due, in whole or in part, to the strict liability, breach of warranty, acts, omissions, activities, carelessness, recklessness, and/or negligence of others; wherefore, any recovery obtained by Plaintiff against Defendant should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons, entities, their agents, servants, and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative liability; the liability of this Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to Defendant.

13. As a Thirteenth Affirmative Defense, Defendant asserts that the subject ROV was defective when it left the control of Polaris, and that the defect was either a defect in manufacturer or design.

14. As a Fourteenth Affirmative Defense, Defendant asserts that Polaris knew or should have known that the lack of an adequate warning created a dangerous condition that posed a substantial risk of harm or later learned that the subject ROV posed a risk of harm and failed to take steps to give adequate warning or instruction.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by virtue of the First Amended Complaint;

2.     For costs of suit, including attorney's fees, as determined; and

3.     For such other and further relief as the court may deem just and proper.

Dated: August 14, 2020                    WINET PATRICK GAYER
                                                 CREIGHTON & HANES

                            By:   */s/ Steven A. Tisi*
                                     RANDALL L. WINET
                                     STEVEN A. TISI
                                     Attorneys for Defendant
                                     Ernie Yanez

## ERNIE YANEZ'S CROSS-CLAIM FOR EQUITABLE INDEMNITY AND CONTRIBUTION AGAINST DEFENDANTS POLARIS INDUSTRIES, INC. AND POLARIS SALES, INC.

Defendant Ernie Yanez ("Defendant"), by and through counsel, for his cross-claim against Polaris Industries, Inc. and Polaris Sales, Inc. ("Polaris") incorporates by reference the allegations of the First Amended Complaint and the defenses and denials of Defendant to the First Amended Complaint and states as follows:

### CROSS-CLAIM FOR INDEMNIFICATION

1. This Defendant, by way of his cross-claim against Polaris alleges, without admitting any liability herein, if Defendant is found liable to the Plaintiff, such liability is secondary, passive, constructive, or otherwise imputed by law, whereas the liability of Polaris was active and primary.

WHEREFORE, Defendant demands judgment by way of indemnity against Polaris together with interest, costs of suit and counsel fees.

### CROSS-CLAIM FOR APPORTIONMENT AND CONTRIBUTION

1. This Defendant, by way of his cross-claim against Polaris alleges, without admitting any liability herein, if Defendant is found liable to the Plaintiff, then Defendant alleges that he is entitled to apportionment of liability in contribution among and from Polaris according to their respective fault, for the claims, losses and damages allegedly sustained by Plaintiff, if any, by way of sums paid by settlement or judgment rendered against Defendant in the principal action.

WHEREFORE, Defendant demands judgment by way of apportionment and contribution against Polaris together with interest, costs of suit and counsel fees.

///
///
///
///
///

## CROSS-CLAIM FOR BREACH OF WARRANTY

1. This Defendant, by way of his cross-claim against Polaris alleges, without admitting any liability herein, that he entered into written and/or oral agreements with Polaris which included representations that the subject product provided was merchantable and in a proper condition for its intended use and purpose.

2. Defendant is informed and believes and thereon allege that Polaris, pursuant to the written and/or oral agreements, impliedly and expressly warranted that the subject product would be fit for its intended use and purpose and relied upon said warranties.

3. Defendant is informed and believes and thereon allege that Polaris breached said warranties, by virtue of the claims of Plaintiff, and the damages separately incurred by Defendant, and the allegations by Plaintiff that the manufacture and/or design was defective as is more particularly set forth in the Complaint.

4. As a proximate result of the breach of the express and implied warranties by Polaris, Defendant alleges that he will suffer damages in a sum equal to any sums paid by way of settlement, or, in the alternative, judgment rendered in the action, and in addition, Defendant will have incurred other damages separately.

WHEREFORE, Defendant demands judgment against Polaris together with interest, costs of suit and counsel fees.

Dated: August 14, 2020

WINET PATRICK GAYER
CREIGHTON & HANES

By: /s/ Steven A. Tisi
RANDALL L. WINET
STEVEN A. TISI
Attorneys for Defendant
Ernie Yanez

## JURY TRIAL DEMAND

Defendant hereby demands a jury trial in this matter.

Dated: August 14, 2020

WINET PATRICK GAYER
CREIGHTON & HANES

By: /s/ Steven A. Tisi
RANDALL L. WINET
STEVEN A. TISI
Attorneys for Defendant
Ernie Yanez

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, I electronically filed the foregoing **ANSWER TO THE FIRST AMENDED COMPLAINT BY DEFENDANT ERNIE YANEZ, CROSS-CLAIM AGAINST DEFENDANTS POLARIS INDUSTRIES, INC. AND POLARIS SALES, INC., AND DEMAND FOR TRIAL BY JURY** with the Clerk of the Court using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Steven A. Tisi
_____
Attorney for the Defendant, Ernest Yanez